[S. F. No. 3650.   Department Two.—March 10, 1904.]

In the Matter of the Estate of N. D. THAYER, Deceased. DENTON UTTER, Executor, and DENTON UTTER, and EDITH HALL, Heirs at Law and Devisees, Appellants, v. M. J. LAYMANCE, Respondent.

ESTATES OF DECEASED PERSONS—WILL—ELECTION BETWEEN DEVISE AND INDEBTEDNESS—ESTOPPEL.—Where a devise was made in full satisfaction of any and all claims of the devisee against the testator for moneys loaned and services performed, the devisee was not estopped from claiming under the will by reason of the fact that she presented a claim against the estate, where such claim was presented in ignorance of the value of the property devised, and was allowed only in part, and was then withdrawn, and a written election made to take under the will.

ID.—SALE UNDER DEED OF TRUST—SURPLUS—DEVISE SUBJECT TO CONTRIBUTION WITH OTHER DEVISES.—Where a sale of the land devised was made under a deed of trust, and a surplus remained, the devise made in payment of all indebtedness due from the testator to the devisee remains, as to such surplus, subject, along with other devises, to contribution for the payment of the debts and charges of administration. There is no exception in the statute on account of the nature of such devise.

ID.—PARTIAL DISTRIBUTION—AMOUNT NOT ASCERTAINABLE.—A decree of partial distribution of such surplus proceeds to the assignee of the devisee must be reversed. The amount to be distributed under the devise is not ascertainable until after the settlement of the final account and by the decree of final distribution.

APPEAL from a decree of the Superior Court of the City and County of San Francisco making partial distribution of the estate of a deceased person. James M. Troutt, Judge.

The facts are stated in the opinion.

James H. Boyer, and A. Boyer, for Appellants.

W. D. Grady, for Respondent.

SMITH, C.—This is an appeal from a decree of partial distribution in favor of the respondent, M. J. Laymance. The appellants Denton Utter and Edith Hall are the grandchildren and sole heirs of the deceased, and also, under the will, devisees respectively of certain lands therein described; and the former is also executor. The respondent is, by mesne assignment, the successor in interest of Mrs. Mary E. Flick, to whom certain lands were devised in the will, subject to an existing indebtedness of fifteen hundred dollars, secured by deed of trust, "the said bequest being given [it is recited] because of the affection and care she has borne towards me, and also in full satisfaction of any and all claims she may have against me for moneys loaned and services performed." The lands devised to Mrs. Flick were sold under the trust deed for the sum of $2,730, leaving in the hands of the trustees after payment of the debt the sum of $1,234.48, which sum was paid to the executor, and is the sum decreed to be distributed to the respondent as assignee of Mrs. Flick. It is claimed by the appellants: 1. That the respondent's assignor made election between her devise and the indebtedness due her from the deceased, and that respondent is therefore estopped to claim under the will; or 2. If this be otherwise, that the devise to Mrs. Flick is subject to contribution, along with the other devises, for the payment of the debts and charges of administration.

As to the former proposition, the finding of the court is adverse to the appellants, and, we think, is fully supported

by the evidence. The evidence of election consisted in the presentation of a claim on the part of Mrs. Flick for the sum of two hundred and ten dollars, which was approved for the sum of one hundred and twenty dollars. Assuming Mrs. Flick's disposition to elect, this was a repudiation of her proposition, and she was at liberty to withdraw the same, which she afterwards did. It is true that before this withdrawal she expressed herself to the executor as satisfied, and that the claim was presented by her attorney to the judge for approval and was approved. But this, it appears from the evidence of the attorney and her own, was done under misapprehension of the facts of the case, and was followed almost immediately by the withdrawal of the claim, and then by a written declaration of election to take under the will. It also appears that prior to the presentation of the claim, and conversations between the appellant executor and Mrs. Flick, the land in question had been appraised at thirty-five hundred dollars, and that Mrs. Flick was not made acquainted with this fact by him; and indeed that throughout the affair, until after the approval of the claim, she and her attorney were entirely ignorant of the value of the property. The finding of the court on this point, therefore, cannot be disturbed.

But the second point we think is well taken. There were devises to the appellants respectively of other lands, and, as stated in appellant's brief, and not denied, these devises include all of the land of the testator, except the lands devised to Mrs. Flick. It appears also from the executor's final account that the balance in his hand is only $501.08, out of which his commissions ($352.72) are to be paid, leaving a balance of $148.36 only, and to produce this balance there have been sold, not only the land devised to Mrs. Flick, but also lands devised to the appellants, the former producing $1,238.45 and the latter $680. To distribute the former amount to the respondent would therefore not only require the appropriation of the whole of the proceeds of the sales of the appellants' lands already sold, but would necessitate also the sale of the other lands devised to them, or some of them. The executor's account has not indeed been settled, but it was admitted in evidence without objection, under the stipulation of the parties, and may therefore be regarded as approximately presenting the condition of the estate, which

is sufficient for the purposes of the case. It follows, under the rule established by statute in this state, that the devise to Mrs. Flick is subject to contribution, with the other devises, for the payment of "the debts [and] expenses of administration," and that the amount remaining due to her can be determined only after the settlement of the final account and by the decree of final distribution. (Civ. Code, sec. 1360; Code Civ. Proc., secs. 1516, 1563, 1564.)

It is objected to this conclusion that the devise to Mrs. Flick was made in payment of the small indebtedness due her from the testator, and that on this account it should not be required to contribute to the payment of the debts of the estate and charges of administration. But no exception is made in the statute, and the statutory rule must therefore prevail.

We advise that the order appealed from be reversed and the cause remanded for further proceedings.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded for further proceedings.          Lorigan, J., McFarland, J., Henshaw, J.